## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF LOUISIANA
## SHREVEPORT DIVISION

| | |
|---|---|
| JAMES C. CURRY | CRIMINAL ACTION NO. 02-50088-01 |
| | CIVIL ACTION NO. 06-0942 |
| VERSUS | |
| | JUDGE S. MAURICE HICKS, JR. |
| UNITED STATES OF AMERICA | MAGISTRATE JUDGE HORNSBY |

### MEMORANDUM RULING

Before the Court is James Curry's ("Curry") motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255. [Record Document 156]. Based on the following, Curry's motion is **DENIED**.

### I. PROCEDURAL HISTORY

On October 24, 2002, a federal grand jury returned an eight-count indictment against James Calvin Curry. [Record Document 1]. Count One charged him with conspiracy to distribute fifty (50) grams or more of a mixture and substance containing crack cocaine, a Schedule II controlled substance, in violation of 21 U.S.C. § 841(a)(1) and 846. Id. at 1. Counts Two through Eight charged him with possession with intent to distribute a mixture or substance containing crack cocaine in violation of 21 U.S.C. § 841(a)(1). Id. at 2-4.

At Curry's initial appearance on October 30, 2002, the Federal Public Defender was appointed to represent him. [Rec. Doc. 5]. On November 1, 2002, the Assistant Federal Public Defender, Betty Marak, informed the Court that she had a conflict in representing Curry and requested that a panel attorney be appointed to represent him. [Rec. Doc. 7]. On November 27, 2002, Harold C. Gilley, Jr., was appointed to represent Curry. [Rec. Doc.

11].    Curry subsequently filed a letter indicating that he had requested for Harold Gilley to withdraw as his attorney. [Rec. Doc. 16].  On March 27, 2003, Curry filed a pro-se motion to substitute counsel. [Rec. Doc. 42].   This motion was orally denied by the magistrate judge. [Rec. Doc. 45].

On April 14, 2003, Harold Gilley filed a motion to withdraw. [Rec. Doc. 46].  The Court granted the motion, [Rec. Doc. 54] and on April 25, 2003, Gordon Blackman was appointed to represent the defendant. [Rec. Doc. 66].  Thereafter, Curry filed a second pro-se motion to substitute counsel [Rec. Doc. 77], but this motion was withdrawn by the defendant in open court on July 23, 2003. [Rec. Doc. 85].

On August 4, 2003, the defendant filed his third pro-se motion to substitute counsel. [Rec. Doc. 89].  The magistrate judge denied the motion and directed the clerk "to accept no further filings from Curry that do not bear the signature of his counsel of record." [Rec. Doc. 92].

On September 22, 2003, the first day of trial, Gordon Blackman informed the court that the defendant had filed a civil suit against him and others.  Curry once again requested that he be appointed new counsel.   After considering statements by Curry and Blackman, the Court denied the motion. [Rec. Doc. 107].  The trial proceeded and Curry was found guilty on all counts of the indictment by the jury. [Rec. Doc. 116].

On March 26, 2004, Curry filed a pro-se motion for a new trial claiming his Sixth Amendment right to counsel was violated. [Rec. Doc. 134].  The motion was struck by the magistrate judge for failure to comply with the August 7, 2003 order requiring that all pro-se motions filed by the defendant have the signature of counsel of record. [Rec. Doc. 135]. On April 7, 2004, the defendant filed an amended motion for new trial which was also

terminated by the magistrate judge. [Rec. Doc. 137].

On April 14, 2004, Curry filed a pro-se motion to substitute counsel before sentencing. [Rec. Doc. 139]. The Court denied the motion. [Rec. Doc. 140]. One week later, on April 21, 2004, the defendant was sentenced to the statutorily restricted term of life imprisonment as to Counts One through Seven. He was also sentenced to life imprisonment on Counts Two through Six and Eight. [Rec. Doc. 142]. Following the sentencing, Gordon Blackman filed a motion to withdraw as defendant's attorney. [Rec. Doc. 144]. The motion was granted and Christopher Aberle was appointed to represent Curry. [Rec. Doc. 145].

Christopher Aberle appealed Curry's conviction and sentence. He challenged the district court's reliance on one of the defendant's prior state drug convictions for purposes of sentencing enhancement under 21 U.S.C. § 841(b)(1)(A). The United States Court of Appeals for the Fifth Circuit affirmed Curry's conviction and sentence. [Rec. Doc. 153]. The United States Supreme Court denied Curry's petition for writ of certiorari. [Rec. Doc. 154].

On June 6, 2006, Curry filed a motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255. [Rec. Doc 156].

## II.  STANDARD OF REVIEW ON 28 U.S.C. § 2255 MOTIONS

"Challenging a conviction and sentence with a section 2255 motion is fundamentally different from a direct appeal." United States v. Samuels, 59 F.3d 526, 528 (5th Cir. 1995). The Fifth Circuit has held:

> Relief under 28 U.S.C.A. § 2255 is reserved for transgressions of constitutional rights and for a narrow range of injuries that could not have been raised on direct appeal and would, if

>condoned, result in a complete miscarriage of justice. Nonconstitutional claims that could have been raised on direct appeal, but were not, may not be asserted in a collateral proceeding.

United States v. Vaughn, 955 F.2d 367, 368 (5th Cir. 1992) (citations omitted).  Thus, Section 2255 motions may only raise constitutional errors and other injuries that could not have been raised on direct appeal that will result in a miscarriage of justice if left unaddressed.  United States v. Williamson, 183 F.3d 458, 462 (5th Cir. 1999).

Curry has neglected to show that the alleged errors would result in a "complete miscarriage of justice."  See Williamson, 183 F.3d at 462; Vaughn, 955 F.2d at 368.  However, in an abundance of caution, the Court will proceed to the merits of Curry's section 2255 claims.

### III.   Ineffective Assistance of Counsel

To prevail on a claim of ineffective assistance of counsel, Curry must prove (1) that his counsel's performance was deficient and (2) that his counsel's deficient performance was prejudicial.  See Strickland v. Washington, 466 U.S. 668, 104 S. Ct. 2052 (1984); United States v. Phillips, 210 F.3d 345, 348 (5th Cir. 2000); United States v. Williamson, 183 F.3d 458, 462 (5th Cir. 1999).

The decision not to raise an issue on appeal is based on an "objective standard of reasonableness."  Strickland, 466 U.S. at 687, 104 S.Ct. at 2064.  An appellate attorney is not required to present patently frivolous arguments on appeal, nor is the appellate counsel required to raise every nonfrivolous argument that could be raised on appeal.  United States v. Phillips, 210 F.3d 345, 348 (5th Cir. 2000); Ellis v. Lynaugh, 873 F.2d 830, 840 (5th Cir. 1989).  Rather, choosing the strongest points of error to argue on appeal is

a reasonable tactic.  Ellis, 873 F.2d at 840.

An attorney does have an obligation to research relevant facts and law and to make informed decisions about which issues will or will not prove fruitful.  United States v. Williamson, 183 F.3d 458, 463 (5th Cir. 1999).  "Solid, meritorious arguments based on directly controlling precedent" should be raised.  Id.  But "directly controlling precedent is rare."  Id. 183 F.3d at n.7.  Failing to construct an argument that may or may not succeed does not constitute ineffective assistance of counsel.  Id. (emphasis added).

To prove prejudice for failure to raise an issue on appeal, Curry must demonstrate that "there is a reasonable probability that, but for counsel's unprofessional error, the result of the proceeding would have been different." Id., 183 F.3d at 463 (quoting Strickland, 466 U.S. at 694, 104 S.Ct. 2052).

Curry claims the appellate counsel's actions were deficient because he failed to raise the following issues:

> (1) Whether the denial of petitioner's motion to substitute counsel violated petitioner's Sixth Amendment right to counsel.
>
> (2) Whether the denial of petitioner's motion for inspection and copying of jury records constitute reversible error.
>
> (3) Petitioner was not afforded a full and fair hearing on his motion for a new trial.

[Rec. Doc. 156-2, p.2].  Each of these arguments are patently frivolous and the appellate counsel cannot be considered ineffective for failing to raise such issues.

**1.   Failure to raise on appeal the denial of Curry's motion to substitute counsel.**

Curry filed three pro-se motions to substitute counsel prior to trial.  See Rec. Docs. 42, 77, 89.  The magistrate refused to accept any further motions that did not bear the

signature of his counsel of record. [Rec. Doc. 92]. After the motion was reviewed and a hearing was held, the magistrate stated:

> The filing of this motion is part of a pattern established by Curry in this case. He files motions making frivolous allegations, causing the court to have him transported from the jail for a hearing, at which time he simply withdraws the motion. The court can only conclude from this pattern than Curry enjoys the outing and is filing such frivolous motions for the purpose of amusement.

[Rec. Doc. 92, p. 2]. The appellate counsel was not ineffective for refusing to raise arguments which had already been determined to be frivolous by the Court.

On the first day of trial, Curry filed another motion to substitute counsel because he had filed a civil lawsuit against trial attorney Gordon Blackman, Betty Jo Marak, Harold C. Gilley, Jr, and Magistrate Judge Roy Payne. [Rec. Doc. 107]. In the civil suit, Curry alleged that the named defendants had conspired to deprive him of his right to effective assistance of counsel. Id. Upon learning of the civil suit, the Court discussed and resolved the issue with Blackman and Curry prior to trial. Blackman told the judge that he was "enthusiastic about his defense," although the civil lawsuit did make him uncomfortable. [Trial Tr., Vol. 1, p.5]. When Curry was questioned, he indicated that he had "no problem" with Blackman's representation. [Trial Tr., Vol. 1, p.11]. The Court found that Curry had participated in preparing a defense with Blackman and that Blackman had integrated Curry's ideas into his preparation for trial. Furthermore, Curry presented no evidence, either during trial or on collateral review, indicating that Blackman was operating under a conflict of interest. Because Blackman was prepared and Curry stated that he "believes his counsel to be adequate," the motion was denied. [Trial Tr., Vol. 1 and Rec. Doc. 107].

"Although an indigent criminal defendant has a right to be represented by counsel,

he does not have the right to be represented by a particular lawyer, or to demand a different appointed lawyer except for good cause." United States v. Young, 482 F.2d 993, 995 (5th Cir. 1973). Curry has failed to show that the Court abused its discretion in denying his motions for substitution of counsel, just as he has failed to show that his appellate counsel's performance was deficient or prejudicial for failing to raise such an argument on appeal.

    **2.    Failure to raise on appeal the denial of Curry's motion to inspect and copy grand jury records**.

The records clearly indicates that the Court granted Curry's motion to inspect ministerial records regarding grand jury selection. [Rec. Doc. 94]. The Court simply denied the motion to employ a technical expert to make the inspection. Id.

A litigant has an unqualified right to inspect jury lists. Test v. United States, 420 U.S. 28, 30, 95 S.Ct. 749, 750 (1975). But a defendant has an obligation "to attempt to obtain the material in the manner suggested by the court, or to provide evidence that the information was thus unavailable." United States v. Foundas, 615 F.2d 1130, 1132 (5th Cir. 1980). A district court may deny a defendant's request for an order directing the clerk of court to provide him a copy of the jury list if the defendant has not attempted to obtain the lists without such an order. Id. In the case *sub judice*, the record contains no indication of an attempt by Curry to obtain a copy of the jury list without a court order, or that the clerk of court denied him access without such an order.

Curry cites United States v. Theriault, 440 F.2d 713 (5th Cir. 1971) to support his proposition that the Court erroneously denied his motion to employ a technical expert. However, Theriault deals with the necessity of appointing a psychiatrist to determine the

mental competency of a defendant. This case provides no support for Curry's argument.

Any argument on appeal regarding the Court's denial of Curry's motion to inspect and copy jury records would have been patently frivolous. His appellate counsel cannot be considered ineffective for failing to raise such a claim on appeal.

### 3. Failure to raise on appeal the denial of Curry's motion for a new trial.

Curry filed two separate motions requesting a new trial. [Rec. Docs. 134, 137]. Both motions were ordered stricken from the record because Curry failed to follow the Court's order requiring all filings to bear the signature of the counsel on record. [Rec. Docs. 135, 137]. The appellate counsel's "failure" to argue Curry's denial of a hearing on his motion for new trial would have been patently frivolous and meritless. Therefore, the appellate counsel was not ineffective for failing to raise the issue on appeal.

### IV. CONCLUSION

The Court finds that Curry neither established the requisite deficient performance nor prejudice as required to establish ineffective assistance of counsel. Curry's claims legally lack merit.

Therefore:

**IT IS ORDERED** that Defendant's motion to vacate, set aside or correct sentence under 28 U.S.C. § 2255 [Rec. Doc. 156] is hereby **DENIED**.

**THUS DONE AND SIGNED** at Shreveport, Louisiana, this 13th day of August, 2007.



S. MAURICE HICKS, JR.
UNITED STATES DISTRICT JUDGE