**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF LOUISIANA**
**SHREVEPORT DIVISION**

| | |
|---|---|
| JAMES C. CURRY | CRIMINAL ACTION NO. 02-50088-01 |
| | CIVIL ACTION NO. 10-1520 |
| VERSUS | |
| | JUDGE S. MAURICE HICKS, JR. |
| UNITED STATES OF AMERICA | MAGISTRATE JUDGE HORNSBY |

**MEMORANDUM RULING**

Before the Court is James Curry's ("Curry") Petition for Extraordinary Relief in the Nature of *Audita Querela*, *Mandamus*, *Corum Nobis*, *Corum Vobis Prohibition Habeas Corpus*, Inherent Authority, Equitable Authority, Ancillary Jurisdiction and/or Injunctive Relief or Any Other Relief Pursuant to Title 28 § 1651 the All Writs Act and Title 28 § 1361 in Aid of this Court Jurisdiction. [Record Document 177]. The Government has responded. For the following reasons, the Petition is **TRANSFERRED** to the United States Court of Appeals for the Fifth Circuit.

**PROCEDURAL BACKGROUND**

Curry was convicted on September 24, 2003 after a jury trial on one count of conspiracy to distribute fifty (50) grams or more of a mixture and substance containing crack cocaine, a Schedule II controlled substance, in violation of 21 U.S.C. § 841(a)(1) and 846 and on seven counts of possession with intent to distribute a mixture or substance containing crack cocaine in violation of 21 U.S.C. § 841(a)(1). [Record Document 116]. He appealed, the Fifth Circuit affirmed his conviction in 2005. [Record Document 153].

Subsequently, Curry filed a Motion to Vacate under 28 U.S.C. § 2255 alleging ineffective assistance of appellate counsel. [Record Document 156]. The Court denied his motion in a Memorandum Ruling and accompanying Order. [Record Documents 163 and

164].

Curry filed the present motion for relief on September 21, 2010. [Record Document 177]. Petitioner objects to the Clerk's Office, Chambers and the Government's characterization of the instant motion as a second or successive Motion to Vacate under 28 U.S.C. § 2255.

**LAW AND ANALYSIS**

A subsequent motion is considered to be "second or successive" when it either raises a claim challenging the petitioner's conviction or sentence that was or could have been raised in an earlier petition or constitutes abuse of the writ process. U.S. v. Orozco-Ramirez, 211 F.3d 862, 867 (5th Cir.2000). A prisoner is permitted to file a second or successive § 2255 motion only under certain circumstances. The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") states that a prisoner must receive authorization from the court of appeals before filing a second or successive § 2255 motion. 28 U.S.C. § 2255, 2244(b)(3)(A). "Section 2244-one of the gatekeeping provisions of the AEDPA-was enacted primarily to preclude prisoners from repeatedly attacking the validity of their convictions and sentences." In re Cain, 137 F.3d 234, 235 (5th Cir.1998)

In this matter, there is no indication in the record that Petitioner sought authority from the Fifth Circuit before filing the instant motion. When a prisoner's motion is construed as a successive motion to vacate pursuant to 28 U.S.C. § 2255 motion, and the motion was filed without authorization from the appellate court, the district court lacks jurisdiction to entertain the motion. United States v. Key, 205 F.3d 773, 774 (5th Cir.2000). The prisoner's failure to seek appellate court authorization acts as a jurisdictional bar. Key, 205 F.3d at 774. Consequently, until such time as Petitioner obtains authorization, this Court has no

jurisdiction over Petitioner's pending motions. Hooker v. Sivley, 187 F.3d 680, 682 (5th Cir.1999); Key, 205 F.3d at 774; Crone v. Cockrell, 324 F.3d 833, 836 (5th Cir.2003).

This Court has reviewed the Petitioner's Motion, the Government's Answer and Petitioner's Reply. This Court finds that this petition is correctly labeled as a second or successive motion to vacate pursuant to 28 U.S.C. § 2255. Despite petitioner's strong protestations that "[d]ue to the fact that the harm that Petitioner does assert relates directly to a monetary penalty the govt. and this court cannot argue that Petitioner's monetary claim is re-dressable under § 2255 or apply its second or successive strictures hereto." [Record Document 187 at 3] (internal citations omitted). The petition belies this argument and squarely states what Petitioner is actually pursuing when he states "[w]herefore, Petitioner is entitled as a matter of law [to] immediate release from his imprisonment . . . ." [Record Document 177 at 10].

This Court finds that the relief sought is brought pursuant to 28 U.S.C. § 2255. Accordingly, this Court is without jurisdiction to hear Petitioner's pending motion because Petitioner neither sought nor obtained authorization from the Court of Appeals. In the case of In Re Epps, 127 F.3d 364 (5th Cir.1997), the Fifth Circuit outlined the procedure to be used when a district court determines that transfer of a "second or successive" habeas corpus petition to the Court of Appeals is appropriate. Transfer of this case is appropriate and authorized by 28 U.S.C. § 1631, which states that:

> Whenever a civil action is filed in a court . . . and that court finds that there is a want of jurisdiction, the court shall, if it is in the interest of justice, transfer such action . . . to any other such court in which the action . . . could have been brought at the time it was filed . . . and the action . . . shall proceed as if it had been filed in . . . the court to which it is transferred . . . .

[28 U.S.C. § 1631].

**CONCLUSION**[1]

The Court finds that Petitioner's motion is a successive habeas petition and that this matter must be **TRANSFERRED** to the United States Court of Appeals for the Fifth Circuit pursuant to 28 U.S.C. § 1631 for further proceedings in accordance with the provisions of 28 U.S.C. § 2244.

Pursuant to Rule 11(a) of the Rules Governing 2255 proceedings for the United States District Courts, this Court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. "Before entering the final order, the court *may* direct the parties to submit arguments on whether a certificate should issue." Rule 11(a) Rule Governing Section 2255 Proceedings for the United States District Courts (emphasis added). Unless a Circuit Justice or District Judge issues a certificate of appealability, an appeal may not be taken to the court of appeals.

In this instance, a certificate of appealability is **DENIED** because the applicant has failed to demonstrate a substantial showing of the denial of a constitutional right.

**THUS DONE AND SIGNED** at Shreveport, Louisiana, this 25th day of February, 2011.

S. MAURICE HICKS, JR.
UNITED STATES DISTRICT JUDGE

---

[1] Also before this Court is a Motion to Take Judicial Notice (Record Document 178) filed by Petitioner, James C. Curry. As is the practice, any motion that may be pending relating to this matter is hereby denied as moot.