**UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION**

| | |
|---|---|
| JAMES C. CURRY | CRIMINAL ACTION NO. 02-50088-01 |
|  | CIVIL ACTION NO.  10-1520 |
| VERSUS | |
|  | JUDGE S. MAURICE HICKS, JR. |
| UNITED STATES OF AMERICA | MAGISTRATE JUDGE HORNSBY |

## MEMORANDUM ORDER

Before this Court is a Pro-Se Motion "Requesting Reconsideration Pursuant to Fed. Rules of Civil Pro. 59(e) So that the Court Can Correct Its Clear Manifest Error of Fact, Law and Abuse of Discretion Order" [Record Document 192] filed on behalf of the Petitioner, James C. Curry ("Curry").  Curry moves for reconsideration of the Court's February 25, 2011 Memorandum Ruling and Order deeming Curry's "Petition for Extraordinary Relief in the Nature of *Audita Querela*, *Mandamus*, *Corum Nobis*, *Corum Vobis Prohibition Habeas Corpus*, Inherent Authority, Equitable Authority, Ancillary Jurisdiction and/or Injunctive Relief or Any Other Relief Pursuant to Title 28 § 1651 the All Writs Act and Title 28 § 1361 in Aid of this Court Jurisdiction" as a successive habeas petition and ordering it transferred to the United States Court of Appeals for the Fifth Circuit.  See Record Documents 188 and 189.  Curry seeks a ruling from this Court reconsidering its ruling arguing "that the district court did in fact commit manifest error of fact, law and did abuse its discretion." [Record Document 192 at 1].  The Court finds a response from the Government is unnecessary.

The Court has considerable discretion in granting a motion for reconsideration under Rule 59(e), which allows a motion to alter or amend a judgment. Motions to reconsider serve the narrow purpose of allowing a party "to correct manifest errors of law or fact or

present newly discovered evidence." Nationalist Movement v. Town of Jena, 321 Fed.Appx. 359, 364 (5th Cir.2009) (citing Waltman v. Int'l Paper Co., 875 F.2d 468, 473 (5th Cir.1989)). These motions cannot be used to raise arguments which could, and should, have been made before the judgment issued or to re-urge matters that have already been advanced by a party. See Simon v. United States, 891 F.2d 1154, 1159 (5th Cir.1990) (quoting Fed. Deposit Ins. Corp. v. Meyer, 781 F.2d 1260, 1268 (7th Cir.1986)); see also, Nationalist, 321 Fed.Appx. at 364 (citing Waltman, 875 F .2d at 473-74).

The Court has diligently reviewed the Petitioner's brief. Petitioner has not advanced any new arguments. Instead, Petitioner re-urges the same arguments that he originally urged in his Motion to Vacate that this Court deemed as successive. This Court is bound by the jurisprudence of this Circuit that requires this Court to transfer a case to the United States Court of Appeals for the Fifth Circuit once this Court determines that the Motion to Vacate advanced is successive. In this instance, after a thorough review of the record, this Court found that Curry's "Petition for Extraordinary Relief in the Nature of *Audita Querela*, *Mandamus*, *Corum Nobis*, *Corum Vobis Prohibition Habeas Corpus*, Inherent Authority, Equitable Authority, Ancillary Jurisdiction and/or Injunctive Relief or Any Other Relief Pursuant to Title 28 § 1651 the All Writs Act and Title 28 § 1361 in Aid of this Court Jurisdiction" was in fact a successive habeas petition. See Record Documents 188 and 189. Specifically, this Court found:

> the relief sought is brought pursuant to 28 U.S.C. § 2255. Accordingly, this Court is without jurisdiction to hear Petitioner's pending motion because Petitioner neither sought nor obtained authorization from the Court of Appeals. In the case of In Re Epps, 127 F.3d 364 (5th Cir.1997), the Fifth Circuit outlined the procedure to be used when a district court determines that

> transfer of a "second or successive" habeas corpus petition to the Court of Appeals is appropriate.

[Record Document 188 at 3]. Petitioner has presented nothing new to demonstrate that this Court committed manifest errors of law or fact or abused its discretion.

Accordingly, for the foregoing reasons,

**IT IS ORDERED** that Petitioner's Pro-Se Motion Requesting Reconsideration Pursuant to Fed. Rules of Civil Pro. 59(e) So that the Court Can Correct Its Clear Manifest Error of Fact, Law and Abuse of Discretion Order [Record Document 192] be and is hereby **DENIED.**

**THUS DONE AND SIGNED** in Shreveport, Louisiana, this 22nd day of March, 2011.

_____
S. MAURICE HICKS, JR.
UNITED STATES DISTRICT JUDGE